UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| IN RE: RADIATORS | |
| THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER CASES | 2:13-cv-01001-MOB-MKM<br>2:17-cv-13147-MOB-MKM |

**ORDER GRANTING PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT WITH THE T.RAD
DEFENDANTS AND PROVISIONAL CERTIFICATION OF THE
DIRECT PURCHASER T.RAD SETTLEMENT CLASS**

Upon consideration of the Direct Purchaser Plaintiff's Motion for Preliminary Approval of Proposed Settlement with the T.RAD Defendants and for Provisional Certification of a Direct Purchaser T.RAD Settlement Class (the "Motion"), it is hereby ORDERED as follows:

1. The Motion is hereby **GRANTED**.

2. Terms used in this Order that are defined in the T.RAD Settlement Agreement (the "Settlement Agreement") are, unless otherwise defined herein, used as defined in the Settlement Agreement.

Preliminary Approval of Settlement Agreement

3. The terms of the Settlement Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the Settlement Class, subject to a fairness hearing. In preliminarily approving the Settlement Agreement, the Court makes the following findings:

    a. The proposed class representative and Settlement Class Counsel have adequately represented the Settlement Class;

    b. The Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given to members of the proposed Settlement Class, pursuant to a plan to be submitted by Settlement Class Counsel to the Court for approval in a separate motion;

    c. The relief provided for the Settlement Class is adequate; and

    d. The Settlement Agreement treats members of the Settlement Class equitably relative to each other.

Class Certification

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met, and provisionally certifies the following class for settlement purposes (the "Settlement Class"):

> All individuals and entities who purchased Radiators in the United States directly from Defendants (or their subsidiaries or affiliates) from January 1, 1998 through August 14, 2018. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal government entities and instrumentalities of the federal government, and states and their subdivisions, agencies, and instrumentalities.

5. For purposes of the Proposed Settlement Class definition, the following entities are Defendants: Calsonic Kansei Corporation and CalsonicKansei North America, Inc.; T.RAD Co., Ltd., and T.RAD North America, Inc.; Mitsuba Corporation and American Mitsuba Corporation; and Denso Corporation and Denso International America, Inc.

6. The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) the Direct Purchaser Plaintiff Class Representative's claims present common issues and are typical of the Settlement Class; (c) the Direct Purchaser Plaintiff Class Representative and Settlement Class Counsel (identified below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that the Direct Purchaser Plaintiff Class Representative's interests are aligned with the interests of all other members of the Settlement Class. The Court also finds that settlement of this action on a class basis is superior to other means of resolving the matter.

## Appointment of Class Representative and Settlement Class Counsel

7. The Court hereby appoints Irving Levine Automotive Distributors, Inc. to serve as Class Representative for the Settlement Class.

8. The Court hereby appoints the law firms of Freed Kanner London & Millen LLC; Kohn, Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman & Kodroff, P.C. to serve as Co-Lead Settlement Class Counsel for the Settlement Class, having determined that the requirements of Rule 23(g) are fully satisfied by these appointments.

## Other Provisions

9. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Plaintiff, the T.RAD Defendants, and the members of the Settlement Class.

10. The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

11. The Court approves the escrow account referenced in the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF. Settlement Class Counsel are authorized to use funds from the QSF in accordance with the Settlement Agreement, including to pay costs of notice, taxes, tax expenses, and costs of maintaining and administering the Settlement Fund.

12. The Direct Purchaser Class litigation against the T.RAD Defendants is stayed except to the extent necessary to effectuate the Settlement Agreement.

**IT IS SO ORDERED.**

s/Marianne O. Battani  
HON. MARIANNE O. BATTANI  
UNITED STATES DISTRICT JUDGE

Date:  May 6, 2019